**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------- x
BRADLEY A. BLAKEMAN,

                        Plaintiff,

      -against-

THE WALT DISNEY COMPANY, WALT DISNEY
MOTION PICTURES GROUP, INC., TOUCHSTONE
PICTURES, INC., a Division of the Walt Disney
Company, KELSEY GRAMMER, GRAMMNET
PRODUCTIONS, STEVEN STARK, TREEHOUSE
FILMS, LLC, KEVIN COSTNER, JOSHUA MICHAEL,
JASON RICHMAN, ROBIN JONAS, SWING VOTE-
THE MOVIE PRODUCTIONS, LLC and JOHN/JANE
DOES I-X,

                        Defendants.
------------------------------------- x

Case No. 08 CV 03212
Bianco, J., Boyle, M.J.

**ECF FILED**

# MEMORANDUM OF LAW IN SUPPORT OF
# MOTION FOR ATTORNEYS' FEES

**PRYOR CASHMAN LLP**
John J. Lynch (JL-8196)
7 Times Square
New York, New York 10036
(212) 421-4100
*Attorneys for Defendants*

# TABLE OF CONTENTS

| | |
|---|---:|
| **TABLE OF CONTENTS** .................................................. | i |
| **TABLE OF AUTHORITIES** .................................................. | ii |
| **Preliminary Statement** .................................................. | 1 |
| **ARGUMENT** .................................................. | 2 |
| **THE MOVING DEFENDANTS, AS PREVAILING PARTIES, ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER 17 U.S.C. § 505** .................................................. | 2 |
| A.  Plaintiff's Copyright Infringement Claim Was Objectively Unreasonable ..... | 3 |
| B.  Considerations of Compensation and Deterrence Mandate an Award of Attorneys' Fees in this Case .................................................. | 6 |
| C.  Plaintiff's Financial Standing does not Militate Against an Award of Attorneys' Fees in this Case .................................................. | 8 |
| D.  The Requested Fees are Reasonable and Should be Granted in Full .......... | 9 |
| **CONCLUSION** .................................................. | 10 |

# TABLE OF AUTHORITIES

**CASES**

*Adsani v. Miller*, No. 94 Civ. 9131 (DLC), 1996 WL 531858 (S.D.N.Y. Sept. 9, 1996) . . .   3

*Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, No. 01 Civ. 10135 (SAS),
2003 WL 22434153 (S.D.N.Y. Oct. 24, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   7

*Attia v. Soc'y of the N.Y. Hosp.*, 12 Fed. Appx. 78 (2d Cir.2001) . . . . . . . . . . . . . . . . .   8

*Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351 (S.D.N.Y. 2006) . . . . . . . . . . . . .   3,7

*Blakeman v. The Walt Disney Co.*, 613 F.Supp.2d 288 (E.D.N.Y. 2009) . . . . . . . . . . . .   1,5

*Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, 99 Civ. 9623 (RWS),
2009 WL 4276966 (S.D.N.Y. November 30, 2009) . . . . . . . . . . . . . . . . . . . . . . . . .   3, 7

*Chivalry Film Prod's v. NBC Universal, Inc.*, No. 05 Civ. 5627 (GEL),
2007 WL 4190793 (S.D.N.Y. Nov. 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 6, 7, 8

*Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F.Supp.2d 120
(S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6

*Crown Awards, Inc. v. Discount Trophy & Co.*, 564 F.Supp.2d 290
(S.D.N.Y. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 9

*Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139, 2009 WL 935674
(S.D.N.Y. Apr. 7, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   6, 9

*Earth Flag Ltd. v. Alamo Flag Co.*, 154 F.Supp.2d 663 (S.D.N.Y.2001) . . . . . . . . . . . .   3, 7

*Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 3, 6, 8

*Harrison Music Corp. v. Tesfaye*, 293 F.Supp.2d 80 (D.D.C.2003) . . . . . . . . . . . . . . .   8

*Mallery v. NBC Universal, Inc.*, No. 07 Civ. 2250 (DLC), 2008 WL 719218
(S.D.N.Y. March 18, 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2, 3, 4, 6, 7, 8

*Matthew Bender & Co., Inc. v. West Pub'g Co.*, 240 F.3d 116 (2d Cir. 2001) . . . . . . . . . .   3

*Mitek Holdings, Inc. v. Arce Engineering Co.*, 198 F.3d 840 (11th Cir.1999) . . . . . . . . . .   8

*Penguin Books U.S.A. v. The New Christian Church Of Full Endeavor, Ltd.*,
No. 96-CV4126 (RWS), 2004 WL 728878 (S.D.N.Y. Apr.6, 2004) . . . . . . . . . . . . . . . . .   3, 8

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,
478 U.S. 546, 563 (1986) .................................................... 10

*Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057
(S.D.N.Y. Jan. 18, 2000) .................................................... 8

*Porto v. Guirgis*, 659 F.Supp.2d 597 (S.D.N.Y. 2009) ....................... 2, 3, 4, 6, 7

*Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 50-51 (S.D.N.Y. 1994) .... 2, 6

**UNITED STATES CONSTITUTION**

U.S. Const. art. I, § 8, cl. 8 .................................................. 2

**STATUTES**

17 U.S.C. § 505 ............................................................. 1, 2, 8

**RULES**

Fed. R. Civ. P. 54(a) ....................................................... 1

Fed. R. Civ. P. 54(b) ....................................................... 1

Fed. R. Civ. P. 54(d)(2) .................................................... 1

**Preliminary Statement**

This Memorandum of Law is submitted in support of the application by defendants Swing Vote-The Movie Productions, LLC, Treehouse Films, LLC, Kevin Costner, Joshua Michael Stern, Jason Richman, Robin Jonas, Touchstone Pictures, Inc., The Walt Disney Company and Walt Disney Motion Pictures Group, Inc.'s (the "Moving Defendants") motion for an award of attorneys' fees and costs pursuant to 17 U.S.C. §505 and Rule 54(d)(2) of the Federal Rules of Civil Procedure.[1] On May 11, 2009, this Court dismissed plaintiff's copyright infringement claim. *See Blakeman v. The Walt Disney Co.*, 613 F.Supp.2d 288 (E.D.N.Y. 2009).[2]

As discussed herein, an award of the Moving Defendants' attorneys' fees under section 505 of the Copyright Act is appropriate as they are prevailing parties with respect to plaintiff's frivolous and objectively unreasonable claim that the feature film *Swing Vote* infringed on his work known as GO NOVEMBER. In addition, such an award will serve to compensate the Moving Defendants for the expense they were unnecessarily caused to incur by plaintiff and to deter the plaintiff and others from bringing similar meritless actions in the future, thereby promoting the Copyright Act's objective of encouraging the production of original literary, artistic, and musical expression for the public good.

---

[1] This motion for an award of attorneys' fees and costs is not being made on behalf of defendants Kelsey Grammer, Grammnet Productions or Steven Stark, and the motion does not seek recovery of any fees or costs incurred by said defendants in this action.

[2] An application for attorneys' fees could not have been made immediately following the dismissal of the copyright infringement claims because the lawsuit continued with respect to state law claims against defendants Kelsey Grammer, Grammnet Productions and Steven Stark. As such, the dismissal did not constitute a judgment under Rule 54(a) of the Federal Rules of Civil Procedure ("FRCP"), and the Court did not direct entry of a final judgment with respect to any claims or parties pursuant to FRCP 54(b). A Stipulation of Dismissal on behalf of plaintiff and said defendants was so-ordered on and entered on April 28, 2010. The so-ordered Stipulation of Dismissal effectively constitutes a final judgment in this case, and this motion for attorneys' fees, made 14 days after entry of such judgment, is timely pursuant to FRCP 54(d)(2)(B).

1

The relevant facts and procedural history is set forth in the Court's decision dismissing the copyright infringement claim.

## ARGUMENT

### THE MOVING DEFENDANTS, AS PREVAILING PARTIES, ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS UNDER 17 U.S.C. § 505

Section 505 of the Copyright Act (17 U.S.C. § 505) provides that:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

"In deciding whether to award such costs and fees, courts may consider, among other factors, 'frivolousness, motivation, objective unreasonableness (both in the factual and in the legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.' *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n. 19 (1994) (citation omitted). . . . In any event, these factors must be applied in a manner that is 'faithful to the purposes of the Copyright Act,' Fogerty, 510 U.S. at 534 n. 19, which is "'[t]o promote the Progress of Science and useful Arts.' " Id. at 527 (quoting U.S. Const. art. I, § 8, cl. 8))." *Mallery v. NBC Universal, Inc.*, No. 07 Civ. 2250 (DLC), 2008 WL 719218 *1 (S.D.N.Y. March 18, 2008). *See also Porto v. Guirgis*, 659 F.Supp.2d 597, 617 (S.D.N.Y. 2009).

In *Fogerty*, the United States Supreme Court made clear that where the "prevailing party" on a copyright infringement claim is the defendant, such party is entitled to the same opportunity to obtain full costs and legal fees as a prevailing plaintiff. *Fogerty*, 510 U.S. at 526-27, 533. *See also Screenlife Establishment v. Tower Video, Inc.*, 868 F.Supp. 47, 50-51 (S.D.N.Y. 1994). As the *Fogerty* Court noted, "a successful defense of a copyright infringement action may further

2

the policies of the Copyright Act every bit as much as a successful prosecution of an infringement claim. . . ." *Fogerty*, 510 U.S. at 527.

A. **Plaintiff's Copyright Infringement Claim Was Objectively Unreasonable**

The Second Circuit has advised that the "objective unreasonableness" factor is to be accorded "substantial weight" in determining a prevailing party's fee request. *See Matthew Bender & Co., Inc. v. West Pub'g Co.*, 240 F.3d 116, 122 (2d Cir. 2001); *Earth Flag Ltd. v. Alamo Flag Co.*, 154 F.Supp.2d 663, 666 (S.D.N.Y.2001); *Mallery*, 2008 WL 719218 at *1. Indeed, attorneys' fees awards may be granted on objective unreasonableness ground alone. *See, e.g., Porto*, 659 F.Supp.2d at 617; *Mallery*, 2008 WL 719218 at *1; *Chivalry Film Prod's v. NBC Universal, Inc.*, No. 05 Civ. 5627 (GEL), 2007 WL 4190793, at *2 (S.D.N.Y. Nov. 27, 2007); *Baker v. Urban Outfitters, Inc.*, 431 F. Supp. 2d 351, 358 (S.D.N.Y. 2006); *Adsani v. Miller*, No. 94 Civ. 9131 (DLC), 1996 WL 531858, at *13 (S.D.N.Y. Sept. 9, 1996)(citing cases). "'[C]laims that are without merit or otherwise patently devoid of legal or factual basis ought to be deemed objectively unreasonable.' It is not necessary that this Court make a finding of frivolousness or bad faith in order to award a fee." *Briarpatch Ltd. L.P. v. Geisler Roberdeau, Inc.*, No. 99 Civ. 9623 (RJS), 2009 WL 4276966, at *5 (S.D.N.Y. November 30, 2009)(quoting *Penguin Books U.S.A. v. The New Christian Church Of Full Endeavor, Ltd.*, No. 96-CV4126 (RWS), 2004 WL 728878, at *3 (S.D.N.Y. Apr.6, 2004)).

In *Mallery*, the District Court granted the prevailing defendants' application for attorneys' fees after noting that its earlier opinion dismissing a copyright infringement claim "demonstrates that the plaintiffs' copyright infringement claims were objectively unreasonable. As described in that Opinion, a careful review of the plaintiffs' works and Heroes television program reveals that the plaintiffs' 'claims are wholly without merit, as nearly every instance of

3

alleged similarity between Heroes and the plaintiffs' work relates to unprotectable ideas rather than protectable expression and, viewed more broadly, the "total concept and feel" of these works are profoundly different.'" *Mallery*, 2008 WL 719218, at *1.

Similarly, in *Porto*, the District Court first applied a substantial similarity analysis to the two works at issue and concluded that:

> It is apparent that none of the alleged similarities the plaintiff addresses can be considered by this Court under the substantial similarity analysis. Furthermore, the differences between the plaintiff's novel and the defendants' play are clear and persuasive. When the unprotectible elements are removed, no reasonable observer could regard these works as substantially similar. It is notable that over the course of a 111-page play and a 305-page book, the plaintiff is unable to point to any similarity of expression that is protectable. As a matter of law, no ordinary observer would regard these works as substantially similar. Therefore, the defendant's motion for summary judgment dismissing the copyright claim is granted.

*Porto*, 659 F.Supp.2d at 616. The *Porto* Court then proceeded to grant the prevailing defendant's application for an award of attorneys' fees, holding that:

> The plaintiff's copyright claim in this case is objectively unreasonable. All of the similarities alleged by the plaintiff are unprotectible elements of his novel that must necessarily be excluded from a substantial similarity analysis. Many of them involve historical or Biblical figures that are clearly dictated by the choice to tell the Judas story.

*Porto*, 659 F.Supp.2d at 617-618. *See Chivalry Film*, 2007 WL 4190793, at *3 (granting defendants' motion for attorneys' fees because "the works at issue could not be more different in 'total concept and feel.'")(internal quotations omitted).

This Court's decision dismissing Blakeman's copyright infringement claim echoes a like theme regarding its substantial similarity analysis:

> [G]iven the vastly different themes, plot, scenes, characters, sequence, pace, setting, and overall concept and feel -- and the lack of any similarities of protectible elements in this case in any of those categories -- no rational factfinder could conclude that the works are substantially similar. Any similarities between the works are simply *scenes a faire* that are non-

4

> protectible components of works that use the framework of a hotly-contested, modern election and, in any event, no rational trier of fact could conclude that the average lay observer would consider the works as a whole to be substantially similar to one another.

*Blakeman, supra*, 613 F.Supp.2d at 293. *See also*, *id.* at 305, n.4 ("substantial similarity is clearly lacking as a matter of law"); *id.* at 306 ("no rational trier of fact could possibly find that the works are substantially similar. . . . the main themes and plot of the respective works are entirely different."); *id.* at 307 ("the themes of the movies share nothing in common other than the backdrop of a Presidential election. To say that these movies are substantially similar because of the common theme of a Presidential election would be as irrational as saying the movie 'Animal House' is substantially similar to 'Rudy' or 'Good Will Hunting' because the movies all focus on college life."); *id.* ("With the exception of the ending, nothing remotely resembling any one of the non-generic scenes in 'Go November' is contained in 'Swing Vote.')[3]; *id.* ("there is absolutely no one in 'Go November' that remotely resembles the three critical characters in 'Swing Vote'); *id.* at 308 ("there is nothing similar about the structure, sequence or pace of 'Go November' and 'Swing Vote'"); *id.* ("any similarities between the works concern noncopyrightable aspects of plaintiff's work and, even assuming *arguendo* any similarities were copyrightable, the similarities are of such small import, both quantitatively and qualitatively, that no rational trier of fact could find the works to be 'substantially similar.'"); *id.* at 312 ("both quantitatively and qualitatively, the works have an entirely different structure, pace, and

---

[3] Even with respect to the two works' allegedly similar endings, this Court observed that "given the overwhelming lack of similarities of themes, plots, scenes, characters, structure, sequence, feel or pace, the fact that both works end with a voter going into a booth and the credits rolling without the winner being known cannot rationally transform 'Swing Vote' into a substantially similar work to 'Go November.' As an initial matter, the scenes are different in the sense that Bud Johnson is walking into the booth to decide a presidential election with one vote under unique circumstances, while the voter in 'Go November' is simply some random voter walking into the booth. Moreover, as discussed in more detail *infra*, the final scene in 'Swing Vote,' although it will decide who becomes the next President, is essentially immaterial to the overall work because the movie is about Bud Johnson's personal journey, rather than the ultimate winner of the election."

5

sequence"); *id.* at 314-315 ("all of the similarities between the works arise from noncopyrightable elements and no lay observer--when comparing the total concept and feel, theme, characters, plot, scenes, sequence, pace and setting--could find the works as a whole to be substantially similar").

Surely, where no "rational factfinder" or "ordinary observer" would find substantial similarity between "Swing Vote" and "Go November," plaintiff's misguided claim of copyright infringement must be deemed objectively unreasonable, thereby entitling the prevailing defendants to an award of their attorneys' fees and costs. This result is justified regardless of plaintiff's state-of-mind, as a showing of "bad faith is not a prerequisite to an award of fees." *Chivalry Film*, 2007 WL 4190793, at *2. *See Porto*, 659 F.Supp.2d at 617; *Screenlife*, 868 F.Supp.2d at 52. As the *Porto* Court recently observed:

> Even if there is no bad faith here, an award of costs and attorneys' fees is appropriate under § 505 when the plaintiff's claim is objectively unreasonable. *See Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139, 2009 WL 935674, at *3 (S.D.N.Y. Apr. 7, 2009)("[O]bjective unreasonableness of a party's claims or defenses is sufficient to subject a party to an award of attorney's fees under § 505 without regard to any other equitable factor.")(internal quotations omitted)(*quoting Crown Awards, Inc. v. Discount Trophy & Co.*, 564 F.Supp.2d 290, 294 (S.D.N.Y. 2008)). A copyright infringement claim is "objectively unreasonable when the claim is clearly without merit or otherwise patently devoid of a legal or factual basis." *Diplomatic Man*, 2009 WL 935674, at *3 (*quoting Contractual Obligation Prods., LLC v. AMC Networks, Inc.*, 546 F.Supp.2d 120, 125 (S.D.N.Y.2008)).

*Porto*, 659 F.Supp.2d at 617. *See Mallery*, 2008 WL 719218 at *2 (finding that "plaintiffs' professed subjective belief" that the works were substantially similar "is thus itself unreasonable and entitled to no weight here").

**B.     Considerations of Compensation and Deterrence Mandate an Award of Attorneys' Fees in this Case**

Granting the Moving Defendants' fee application in this case will advance the goals of "compensation and deterrence" cited by the Supreme Court in *Fogerty v. Fantasy, Inc.* (510

6

U.S. at 534 n.19). As the District Court in *Chivalry Film* observed, "the denial of such awards in *objectively unreasonable* cases also disserves the purposes of copyright law, by failing to protect the owners of valid copyrights from the cost of frivolous litigation. Furthermore, the denial of fees and costs to a prevailing defendant in an objectively unreasonable copyright case may spur additional frivolous lawsuits, of exactly the sort that an award of fees and costs is designed to 'chill.'" *Chivalry Film*, 2007 WL 4190793, at *3 (emphasis in original). *See also, Porto*, 659 F.Supp.2d at 618 ("When a plaintiff cannot demonstrate a single similarity among the protectible elements of his work and the defendants' work, it is appropriate to award attorneys' fees so as to compensate the defendants for their costs in litigating this matter, and to deter future potential plaintiffs from filing objectively unreasonable claims."); *Briarpatch*, 2009 WL 4276966, at *9 ("this is a case where an award of fees is important for deterrence and to compensate Defendants for expense of this suit which should never have been brought"); *Mallery*, 2008 WL 719218 at *2; *Earth Flag Ltd*, 154 F.Supp.2d at 668; *Baker*, 431 F.Supp.2d at 359 (fee award will "deter this plaintiff, and other similarly situated plaintiffs, from bringing unreasonable claims based on a cost/benefit analysis that tells such plaintiffs that they can score big if they win and that there will be no adverse consequences if they lose."); *Arclightz & Films Pvt. Ltd. v. Video Palace Inc.*, No. 01 Civ. 10135 (SAS), 2003 WL 22434153, at *3 (S.D.N.Y. Oct. 24, 2003).

Clearly, lawsuits such as this one can have a chilling effect on creative individuals such as authors and screenwriters who typically rely on *scenes a faire* in their creations. In bringing this claim, plaintiff effectively sought to gain a monopoly on the use of stock themes and characters commonly relied on in creative works involving elections, such as conservative republicans running against liberal democrats, campaigns engaging in dirty tricks, devious campaign strategists taking a "win-at-all-costs" approach, candidates participating in debates and

7

iconic symbols of the Presidency, such as Air Force One. Given his background and professional experiences, which include acting as a consultant to movies and TV programs depicting presidential elections and the Presidency in general (*see* Plaintiff's Third Amended Complaint, ¶12), plaintiff himself surely must have realized that such elements are standard fare in works depicting elections and the Presidency.

### C. Plaintiff's Financial Standing does not Militate Against an Award of Attorneys' Fees in this Case

Plaintiff may attempt to asserts that an award of attorneys' fees is not warranted because of alleged financial disparity between plaintiff and the Moving Defendants; however, an otherwise reasonable award for attorneys' fees and costs should not be denied because of claims of "financial hardship." *See Mallery*, 2008 WL 719218 at *2 (granting defendants attorneys' fees despite plaintiffs' assertion that they "have no home, no job, no regular income, no money and no financial assets"). As the District Court in *Chivalry Film* noted:

> The Supreme Court in *Fogerty* did not specifically deem the "relative financial resources of the parties" to be a relevant factor in considering whether to award fees under the Copyright Act. *Penguin Books*, 2004 WL 728878, at *5, citing *Fogerty*, 510 U.S. at 534 n. 19. Several courts in this Circuit have awarded Attorneys' fees pursuant to 17 U.S.C. § 505 against a *pro se* plaintiff where, as here, the defendant prevails and the plaintiff's copyright claim was objectively unreasonable, without taking into account the financial disparities between the parties. *See Polsby*, 2000 WL 98057, at *2; *see also Attia v. Soc'y of the N.Y. Hosp.*, 12 Fed. Appx. 78 (2d Cir.2001)(affirming an award of costs and fees against a *pro se* copyright plaintiff). This is because "[t]he decision to award attorney's fees is based on whether imposition of the fees will further the goals of the Copyright Act, not on whether the losing party can afford to pay the fees." *Harrison Music Corp. v. Tesfaye*, 293 F.Supp.2d 80, 85 (D.D.C.2003), citing *Mitek Holdings, Inc. v. Arce Engineering Co.*, 198 F.3d 840, 843 (11th Cir.1999).

*Chivalry Film*, 2007 WL 4190793, at *3.

In any event, by his own description plaintiff is no indigent. As alleged in paragraph 10 of the Third Amended Complaint:

8

Plaintiff Bradley A. Blakeman is a former Deputy Assistant to President George W. Bush, regular political commentator for Fox News, MSNBC, and others, a political consultant, and an attorney licensed to practice law in the State of New York and the District of Columbia. Mr. Blakeman was a named character in the HBO Movie "Recount" in 2008, which depicted the real life account of the Florida Recount in the 2004 Presidential Election, in which Mr. Blakeman played a prominent role. Mr. Blakeman was also a consultant to ABC TV's Series "Commander in Chief". Mr. Blakeman has over 25 years of experience as a political operative in seven (7) Presidential Elections and has served three (3) Presidential Administrations.

In addition, as he testified in his deposition, Blakeman currently serves as a Professor of public policy, politics and international relations at Georgetown University and as President of Kent Strategies, LLC (Blakeman Dep. pp. 10-11).[4] Prior to his employment at Kent Strategies, Blakeman was a lobbyist with the prestigious global consulting firm Barbour Griffith & Rogers (Blakeman Dep. pp. 11-12; *see* http://www.bgrdc.com/).

D.  **The Requested Fees are Reasonable and Should be Granted in Full**

As set forth in the Lynch Declaration, the Moving Defendants seek $98,442.50 in attorneys' fees. Given the number of defendants whose interests were protected, the implications for them should *Swing Vote* have been deemed an infringing work, the legal skills employed and result achieved, these fees were "reasonable, both in the time counsel spent defending this action and the hourly rate charged in so doing." *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. (GEL), 2009 WL 935674, at *5 (S.D.N.Y. Apr. 7, 2009). *See Crown Awards, Inc. v. Discount Trophy & Co.*, 564 F.Supp.2d 290, 297 (S.D.N.Y. 2008)("The starting point for calculating reasonable attorneys' fees is 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate . . . . There is a 'strong presumption' that the resulting sum represents a

---

[4] Following the dismissal of plaintiff's copyright infringement claim against all of the defendants, plaintiff was deposed in connection with his un-dismissed state law claims. Copies of the pages from plaintiff's deposition transcript cited herein are annexed to the Declaration of John J. Lynch submitted in support of this motion.

9

reasonable fee")(*quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563 (1986)).

## CONCLUSION

For all of the reasons set forth herein and in the accompanying Declaration of John J. Lynch, the Moving Defendants' motion for attorneys' fees and costs should be granted in full.

Dated: May 12, 2010

PRYOR CASHMAN LLP

By: _____
John J. Lynch (JL-8196)
7 Times Square
New York, New York 10036-6569
(212) 421-4100
*Attorneys for Defendants*
